DISCIPLINARY COUNSEL *v.* MASON.

[Cite as *Disciplinary Counsel v. Mason,* 125 Ohio St.3d 29, 2010-Ohio-1467.]

*Attorneys at law — Misconduct — Payments for recommending a lawyer's services — Consent-to-discipline agreement — Public reprimand.*

(No. 2009-2245 — Submitted January 13, 2010 — Decided April 7, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-037.

_____

**Per Curiam**.

{¶ 1} Respondent, Ronald Lee Mason of Dublin, Ohio, Attorney Registration No. 0030110, was admitted to the practice of law in Ohio in 1978. On June 9, 2009, relator, Disciplinary Counsel, charged respondent with a single violation of Prof.Cond.R. 7.2(b) (prohibiting a lawyer from giving anything of value to a person for recommending the lawyer's services). A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

**Misconduct**

{¶ 2} The stipulated facts of this case show that respondent is the principal of Mason Law Firm Co., L.P.A. ("Mason Law"), a four-attorney firm primarily representing management and employers in employment, Occupational Safety and Health Administration ("OSHA"), labor, and construction matters. He is also the owner of and general counsel for Midwest Management Consultants, Inc. ("Midwest Management"), a wholly owned subsidiary and ancillary business to Mason Law that provides OSHA- and employment-consulting services for

employers. Mason Law and Midwest Management share an office in Dublin, Ohio.

{¶ 3} Midwest Management employed William Wheeler, a nonlawyer consultant who is recognized by the United States Department of Labor as a "registered persuader" – a person who speaks directly with company employees to promote union avoidance. Pursuant to Wheeler's employment agreement, he was to receive 40 percent of the fees Midwest Management billed and collected for work he actually performed and 15 percent of the fees billed and collected from any work he initiated, regardless of whether he performed the actual work.

{¶ 4} In 2007, Midwest Management billed and collected $82,906.25 for the work Wheeler performed (473.75 hours x $175 per hour), and Wheeler was entitled to receive $33,162.50 ($82,906.25 x .4). Midwest Management also collected $64,924.50 for work Wheeler initiated in 2007. Therefore, Wheeler was entitled to receive additional compensation of $9,739.12 ($64,924.50 x .15). Thus, pursuant to his employment agreement, Wheeler was entitled to compensation of $42,901.62 for 2007. However, during that year Midwest Management actually paid Wheeler $112,484.

{¶ 5} The difference between the amount Wheeler was entitled to receive pursuant to his employment agreement and the amount he actually received – $69,582.57 – represents referral fees paid by Midwest Management for eight clients Wheeler referred to Mason Law. Those clients paid $486,894.02 in legal fees to Mason Law in 2007. Beginning in 2008, Midwest Management paid Wheeler a straight salary and no longer compensated him for referring clients to Mason Law.

{¶ 6} The parties stipulated that respondent's conduct violated Prof.Cond.R. 7.2(b).

**Sanction**

{¶ 7} In recommending a sanction, the panel considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. Consistent with the parties' stipulation, the panel found the following mitigating factors: (1) respondent has no prior disciplinary record, (2) respondent provided full and free disclosure during relator's investigation and has displayed a cooperative attitude toward the disciplinary proceedings, (3) respondent has made a timely, good faith effort to rectify the consequences of his misconduct, and (4) respondent is of good character and reputation. See BCGD Proc.Reg. 10(B)(2)(a), (c), (d), and (e). There is no evidence demonstrating any aggravating factors. See BCGD Proc.Reg. 10(B)(1).

{¶ 8} Both the panel and the board accepted the parties' consent-to-discipline agreement, including the finding of misconduct and recommended sanction. We agree that respondent violated Prof.Cond.R. 7.2(b) and that, consistent with the parties' agreement this conduct warrants a public reprimand. We imposed a similar sanction in *Lake Cty. Bar Assn. v. Patterson* (1980), 64 Ohio St.2d 163, 18 O.O.3d 382, 413 N.E.2d 840, for a violation of DR 2-103(B) (barring a lawyer from compensating or giving something of value to a person to recommend or secure the lawyer's employment, or as a reward for having made a recommendation resulting in the lawyer's employment).

{¶ 9} On the board's recommendation, we accept the consent-to-discipline agreement. Accordingly, respondent is hereby publicly reprimanded for his violation of Prof.Cond.R. 7.2(b). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J.,[1] and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

1. The late Chief Justice Thomas J. Moyer participated in the deliberations in, and the final resolution of, this case prior to his death.

_____

Jonathan E. Coughlan, Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., Rasheeda Z. Kahn, and Geoffrey Stern, for respondent.

_____